Dear Mr. Terral:
This office is in receipt of your request for an opinion of the Attorney General in regard to the authority over town police officers. You indicate the Mayor has given notice that all available funds have been utilized from the yearly budget which is based upon the amount of traffic tickets that are written, and the slight increase in police fines has not been sufficient for the cost of the newly hired police officer. Consequently, the Mayor feels the Cheneyville Police Department will have to layoff one of its officers. You ask the following questions:
 1. Can the Mayor require the writing of more tickets by the police department, thereby setting a quota; and
 2. Can the Mayor lay off a police officer that the Chief of Police does not wish fired in an effort to force officers to write more tickets to keep their jobs.
You previously requested an opinion as to the legality of the town council setting minimum quotas on traffic tickets, and whether the town council can dismiss an officer who fails to meet this quota. In response this office concluded an elected chief of police of a Lawrason Act municipality has supervisory power and authority over police department personnel, and the town council may not limit or restrict the inherent supervisory power of the police chief over police personnel. Atty. Gen. Op. No. 88-115. The conclusions reached in that opinion have not changed.
Thus, it follows that a governing authority cannot set quotas for tickets to be written.
However, we cannot take the letter in question by the Mayor as an attempt to control the police department, but can only conclude it is a statement of the fact that the amount collected in fines is not sufficient to cover the costs of the police personnel. Since the yearly budget is based upon fines, obviously an increase in fines would offset the deficits, but there is no demand for more tickets or setting of quotas.
We do find that the letter to the Chief of Police indicates she feels "that the Cheneyville Police Department will have to layoff one of its officers." You have asked if the Mayor can fire a police officer that the Chief of Police does not wish laid off in an effort to force officers to write more tickets.
This office has rendered several opinions that recognize the elected Chief of Police of a Lawrason Act municipality enjoys supervisory power and authority over the police department which may not be abrogated by the town council, but the Mayor and Town Council remain the appointing authority for all police personnel with the power to hire and fire. Atty. Gen. Op. Nos. 92-279, 92-256, 89-91.
In the latter opinion this office recognized the legislative powers of a municipality being vested in the Board of Aldermen as including the authority over the budget and expenditures of town funds, and the revocation of a commission of a police officer as the exercise of its power to hire and fire. It was the observation of this office that the subjective intent of the governing authority cannot be ascertained when taking action authorized by law, but is to be presumed lawful.
Therefore, we conclude the governing authority may fire an officer that the Chief of Police does not wish to terminate, but cannot conclude this is to force the writing of more tickets. As stated above the Chief of Police enjoys supervisory power and authority over the police department.
We hope this adequately answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0511f